**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| QIANG LIN,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>LUIS SOTO, et al.<br><br>　　　　　　Respondents. | Civil Action No. 25-18471 (KMW)<br><br>**ORDER** |

**THIS MATTER** having been opened to the Court on the Petition for a Writ of Habeas Corpus of Petitioner Qiang Lin ("Petitioner") (ECF No. 1), and the application, pursuant to Federal Rule of Civil Procedure 65(b), for a Temporary Restraining Order and Preliminary Injunction, of the law firm of Onal Gallant Bayram & Amin, attorney for Petitioner (ECF No. 2), against Respondents Luis Soto, in his official capacity as Director, Delaney Hall Detention Facility, Todd Lyons in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, Kristi Noem in her official capacity as Secretary of Homeland Security, and Pamela Bondi in her official capacity as Attorney General of the United States (collectively "Respondents"); and Petitioner having filed his Habeas Petition, and Motion for a Temporary Restraining Order and Preliminary Injunction; and the Court having considered all papers submitted and the oral argument of counsel; if any; the Court hereby finds that:

1. Petitioner alleges he is unlawfully detained under 8 U.S.C. § 1225. (ECF No. 1 at 2.) Under this Court's recent decisions in *Rivera Zumba v. Bondi*, No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025) (interpreting § 1225(b)(2)), *Rivas Rodriguez v. Rokosky*, No. 25-

17419 (CPO), 2025 WL 3485628 (D.N.J. Dec. 3, 2025) (interpreting § 1225(b)(1)), and other recent decisions in this District interpreting § 1225, the Court holds that Petitioner is subject to detention under § 1226(a);

2. Absent immediate injunctive relief, Petitioner faces a substantial risk of transfer outside of this Court's jurisdiction, which would constitute immediate and irreparable injury before Respondents can be heard in opposition;

3. Petitioner's counsel has certified in writing the efforts, if any, made to give notice to Respondents and the reasons why notice should not be required prior to the issuance of this temporary restraining order, as required by Federal Rule of Civil Procedure 65(b);

4. The balance of the harms weighs in favor of granting a temporary restraining order; and

5. The public good is served by the entry of a temporary restraining order.

**NOW THEREFORE**, on this 6th day of January 2026; it is hereby

**ORDERED** that in accordance with 8 U.S.C. § 1226(a), no later than 5:00 p.m. on January 13, 2026, Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge who shall assess whether he presents a flight risk or a danger to the community; and it is further

**ORDERED** that within three (3) days of that bond hearing, Respondents shall file a written notice of the outcome of that hearing with this Court; and it is further

**ORDERED** that if Respondents contend that Petitioner's detention is distinguishable from the cases in this district previously addressing §1225, they shall file an expedited answer by 12:00 p.m. on January 12, 2026, and Petitioner shall file a reply by 5:00 p.m. on January 12, 2026; and it is further

**ORDERED** that Petitioner's request for a temporary restraining order is **GRANTED**; and it is further

**ORDERED** that Respondents are hereby immediately enjoined from transferring Petitioner from the Delaney Hall Detention Facility at 451 Doremus Avenue, Newark, NJ 07105, during the pendency of Petitioner's Habeas Petition; and it is further

**ORDERED** that Petitioner's request for a preliminary injunction is **DENIED WITHOUT PREJUDICE**. On the present record, Petitioner has not demonstrated a likelihood of success on the merits sufficient to warrant preliminary injunctive relief. Petitioner may renew the request, if appropriate, upon a more developed record; and it is further

**ORDERED** that Petitioner shall serve a copy of this Order and the habeas petition upon Respondents within two (2) business days of the entry of this Order, and promptly file proof of service on the docket.

Hon. Karen M. Williams,
United States District Judge